Welch, J.
The first question made in the case is, whether there is sufficient proof of the insurance company’s knowledge that Collins was acting as agent. That question we need not discuss unless we think the fact of such knowledge would make a defense for ■Collins against an action on the notes. Would it make such de *207 fense ? In other words, where an agent makes a promissory note in the form of these, is he liable, as maker of the note, notwithstanding the fact that the payee knew he was acting as such agent at the time? We are of opinion that he is so liable. To hold otherwise, it seems to us, would be to make a new contract for the parties.
The name of the principal nowhere appears upon these notes; and the operative words, “7 promise to pay," in the body of the notes, are utterly inappropriate to charge the principal. Without the word “ agent,” they are plainly, and in direct and appropriate language, the notes of E. K. Collins. With that word added, they are admittedly still his notes, unless aided by parol proof. Now, is it competent to show by such proof, that the parties intended, by che simple word “agent,” to change the whole tenor of the note? To change, *as it were, the words “7” (E. K. Collins') “promise,” into the words “The ship company promises?" If the word “agent," and the words “ I promise," can be made to harmonize, they must both stand as the parties wrote them. Such is the well-known rule. And there is no trouble in so harmonizing them, if we read the word “ agent" as mere personal description, or as a memorandum for the use of the principal and agent.
We have looked in vain over the numerous cases cited to find any one like the present, and in which the agent was not held liable. Most of the cases relied upon as such will be found to be those where the question was as to the liability of the principal, and not as to the discharge or non-liability of the agent. The liability of the principal resting in the fact that the contract was made under his authority, and not in the fact that it was made in his name, it is easy to see .that different rules of evidence would apply.
The cases cited, in which the agent was held not liable, appear to be those where he was sought to be charged as indorser of negotiable paper, or — which is much the same thing — as drawer of bills of exchange. The difference between that class of cases and the present is also quite obvious. Where an agent has the legal title to a note or bill, his indorsement is indispensable to pass that title. The indorsement, like a deed, is a simple transfer of title. The liability of the indorser arises, mainly, outside of the indorsement. That liability may be changed without changing the indorsement itself. It is a mere implication of law, arising upon the indorse *208 ment. No question of the admissibility of parol evidence is; involved in such cases; for, whether the law casts the implied liability upon the agent who has a mere legal title; or upon the real equitable owner of the note or bill, in either case the written contract, the indorsement, stands unchanged by the proof. The same reasoning applies, in a sense, to the drawing of a bill of exchange by an agent upon funds of the principal standing in the-agent’s name. The bill is a transfer of the funds, and the liability is an implication of law.
We think, with the court below, that the notes are the individual notes of Mr. Collins, notwithstanding the knowledge *of his agency; and that it is not competent for him, by proof of that .agency and knowledge, or by other parol proof, to vary the effect of the notes, by showing his intention to bind the principal only.
It is claimed, also, that the court below erred in refusing to reform-the notes, or rather in failing to reform them, for the court does not appear to have been asked to do so, either in the pleadings or at bar. To this claim it is certainly a full answer to say, not only that there is no prayer in the answer for any such relief, but there is no allegation of mistake or fraud therein, nor was there any proof of such mistake or fraud on the trial. There was proof tending to show that Collins intended to bind his principal only. But there was no pretense of proof that the defendants in error so intended. There was no error, therefore, in the court’s alleged refusal to reform the notes.

Judgment affirmed.

Hay, C. J., and White, Brinkerhoff, and Scott, JJ., concurred.